UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Keith Raniere, an individual residing in the State of New York, <br><br> Plaintiff, <br><br> -against- <br><br> AT&T Services Inc., a Delaware corporation with headquarters in Dallas, Texas, <br><br> and <br><br> Microsoft Corporation, a Washington corporation with headquarters in Redmond, Washington, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Keith Raniere, for his complaint against Defendants AT&T Services Inc. and Microsoft Corporation alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for patent infringement against Defendant AT&T Services Inc. for infringement of U.S. Patent Numbers: 6,373,936; 6,819,752; 7,215,752; 7,391,856; and 7,844,041.  Plaintiff brings this action for patent infringement against Defendant Microsoft Corporation for infringement of U.S. Patent Numbers: 7,215,752; and 7,844,041.

## THE PARTIES

2. Plaintiff is an individual residing in the State of New York.

3. Defendant AT&T Services Inc. ("ATTS") is a corporation organized under the laws of Delaware, with a principal place of business at 208 S. Akard Street, Dallas, Texas 75202.

1

4. Defendant Microsoft Corporation ("Microsoft") is a corporation organized under the laws of Washington, with a principal place of business at 1 Microsoft Way, Redmond, Washington 98052-6399. Microsoft is registered to conduct business in the State of Texas, Filing No. 10404606, and has designated Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

## JURISDICTION AND VENUE

5. This is an action for infringement of United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

7. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to each Defendant's substantial business in this forum, including: (i) at least a portion of the infringing activity alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## PATENTS-IN-SUIT

8. On April 16, 2002, United States Patent No. 6,373,936 ("the '936 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Intelligent Switching System for Voice and Data." A true and correct copy of the '936 patent is attached hereto as Exhibit A.

9. Plaintiff is the owner of the '936 patent with all substantial rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '936 patent against infringers, and to collect damages for all relevant times.

10. On November 16, 2004, United States Patent No. 6,819,752 ("the '9752 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Intelligent Switching System for Voice and Data." A true and correct copy of the '9752 patent is attached hereto as Exhibit B.

11. Plaintiff is owner of the '9752 patent with all substantial rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '9752 patent against infringers, and to collect damages for all relevant times.

12. On May 8, 2007, United States Patent No. 7,215,752 ("the '5752 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Intelligent Switching System for Voice and Data." A true and correct copy of the '5752 patent is attached hereto as Exhibit C.

13. Plaintiff is the owner of the '5752 patent with all substantial rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '5752 patent against infringers, and to collect damages for all relevant times.

14. On June 24, 2008, United States Patent No. 7,391,856 ("the '856 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Intelligent Switching System for Voice and Data." A true and correct copy of the '856 patent is attached hereto as Exhibit D.

15. Plaintiff is the owner of the '856 patent with all substantial rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '856 patent against infringers, and to collect damages for all relevant times.

16. On November 30, 2010, United States Patent No. 7,844,041 ("the '041 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Intelligent Switching System for Voice and Data." A true and correct copy of the '041 patent is attached hereto as Exhibit E.

17. Plaintiff is the owner of the '041 patent with all substantial rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '041 patent against infringers, and to collect damages for all relevant times.

## FACTUAL ALLEGATIONS

18. Defendant ATTS offers for sale, sells, and provides to third parties AT&T Connect.

19. Third parties directly infringe the patents at issue when they use AT&T Connect.

20. Defendant ATTS provides third parties with assistance with regard to the implementation and use of AT&T Connect in an infringing manner as evidenced by at least AT&T Connect Initiating and Running an AT&T Connect Conference, AT&T Connect Event Materials Editor Guide, AT&T Connect Installation Guide, AT&T Integrated Edition Web Conferencing: Best Practices, and AT&T Connect myAT&T User Guide, which are attached hereto as Exhibits F – J, respectively. Each of these documents is or was available to the general public on ATTS' website.

21. Plaintiff informed ATTS that its AT&T Connect product infringed one or more of the above listed patents on or about May 30, 2014. A copy of this notice is attached as Exhibit K. On or about July 21, 2014, Plaintiff provided ATTS with claim charts demonstrating how AT&T

Connect infringes one or more claims of each of the '936, '9752, '5752, '856, and '041 patents. A copy of the letter sent to ATTS at this time is included as Exhibit L.

22. Notwithstanding Plaintiff's May 30, 2014 and July 21, 2014 letters, ATTS has continued to induce others to use AT&T Connect in an infringing manner whereby the users directly infringe one or more claims of each of the above listed patents.

23. ATTS directly infringed one or more claims of each of the '936, '9752, '5752, '856, and '041 patents when it created the above mentioned documents.

24. Defendant Microsoft offers for sale, sells, and provides to third parties Lync 2010.

25. Third parties directly infringe the '5752 and '041 patents when they use Lync 2010.

26. Defendant Microsoft provides third parties with assistance with regard to the implementation and use of Lync 2010 in an infringing manner as evidenced by at least Microsoft Lync 2010 Conferencing and Collaboration Training, Give a PowerPoint presentation in Lync Web App, Office Web Apps Server, and Microsoft Lync Server 2010 Administration Guide, which are attached hereto as Exhibits M-P, respectively. Each of these documents is or was available to the general public on Microsoft's website.

27. Plaintiff informed Microsoft that its Lync 2010 product infringed one or more of the above listed patents on or about July 8, 2014. A copy of this notice is included as Exhibit Q. On or about August 19, 2014, Plaintiff provided Microsoft with claim charts demonstrating how Lync infringes one or more claims of each of the '5752 and '041 patents. A copy of this letter is included as Exhibit R.

28. Notwithstanding Plaintiff's July 8, 2014 and August 19, 2014 letters, Microsoft has continued to induce others to use Lync 2010 in an infringing manner whereby the users directly infringe one or more claims of each of the above listed patents.

29. Microsoft directly infringed one or more claims of each of the '5752 and '041 patents when it created the above mentioned documents.

30. Upon information and belief, Microsoft directly infringed the '5752 and '041 patents by using its Microsoft Lync 2010 conferencing software in 2010, 2011, 2012, and 2013.

31. Upon information and belief, Microsoft Lync 2010 can be configured to integrate with AT&T services, as is evidenced by ATTS's posts regarding AT&T UC Services and Syncing Up With The Power of Lync, included as Exhibits S and T, respectively. In this configuration, Microsoft Lync 2010 infringes one or more claims of the '5752 and '041 patents.

## **COUNT I**

32. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

33. ATTS knew that its AT&T Connect product infringed one or more claims of the '936 patent at least as early as about May 30, 2014.

34. Despite this knowledge, ATTS induced third parties to directly infringe one or more claims of the '936 patent by, for example, providing AT&T Connect software and instructions as to how to install, configure, and use AT&T Connect in an infringing manner.

35. ATTS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the AT&T Connect product and service) that infringed one or more claims of the '936 patent.

## COUNT II

36. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

37. ATTS knew that its AT&T Connect product infringed one or more claims of the '9752 patent at least as early as about May 30, 2014.

38. Despite this knowledge, ATTS induced third parties to directly infringe one or more claims of the '9752 patent by, for example, providing AT&T Connect software and instructions as to how to install, configure, and use AT&T Connect in an infringing manner.

39. ATTS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the AT&T Connect product and service) that infringed one or more claims of the '9752 patent.

## COUNT III

40. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

41. ATTS knew that its AT&T Connect product infringed one or more claims of the '5752 patent at least as early as about May 30, 2014.

42. Despite this knowledge, ATTS induced third parties to directly infringe one or more claims of the '5752 patent by, for example, providing AT&T Connect software and instructions as to how to install, configure, and use AT&T Connect in an infringing manner.

43. ATTS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the AT&T Connect product and service) that infringed one or more claims of the '5752 patent.

## COUNT IV

44. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

45. Microsoft knew that its Lync 2010 product infringed one or more claims of the '5752 patent at least as early as about July 8, 2014.

46. Despite this knowledge, Microsoft induced third parties to directly infringe one or more claims of the '5752 patent by, for example, providing Lync 2010 software and instructions as to how to install, configure, and use Lync 2010 in an infringing manner.

47. Microsoft directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the Lync 2010 product and service) that infringed one or more claims of the '5752 patent.

## COUNT V

48. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

49. ATTS knew that its AT&T Connect product infringed one or more claims of the '856 patent at least as early as about May 30, 2014.

50. Despite this knowledge, ATTS induced third parties to directly infringe one or more claims of the '856 patent by, for example, providing AT&T Connect software and instructions as to how to install, configure, and use AT&T Connect in an infringing manner.

51. ATTS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the AT&T Connect product and service) that infringed one or more claims of the '856 patent.

## COUNT VI

52. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

53. ATTS knew that its AT&T Connect product infringed one or more claims of the '041 patent at least as early as about May 30, 2014.

54. Despite this knowledge, ATTS induced third parties to directly infringe one or more claims of the '041 patent by, for example, providing AT&T Connect software and instructions as to how to install, configure, and use AT&T Connect in an infringing manner.

55. ATTS directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the AT&T Connect product and service) that infringed one or more claims of the '041 patent.

## COUNT VII

56. Plaintiff repeats and realleges the statements and allegations set forth in paragraph 1-31 above.

57. Microsoft knew that its Lync 2010 product infringed one or more claims of the '041 patent at least as early as about July 8, 2014.

58. Despite this knowledge, Microsoft induced third parties to directly infringe one or more claims of the '041 patent by, for example, providing Lync 2010 software and instructions as to how to install, configure, and use Lync 2010 in an infringing manner.

59. Microsoft directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products, systems, and methods (including at least the Lync 2010 product and service) that infringed one or more claims of the '041 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Keith Raniere prays for the entry of a judgment from this Court:

A. That Defendant ATTS, its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, using, importing, exporting, distributing, supplying, offering for sale, selling, or inducing the making, using, importing, offering for sale or sale of any product or service falling within the scope of any claim of the '936, '9752, '5752, '856, and '041 patents, or otherwise infringing any claim thereof;

B. That Defendant Microsoft, its parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, using, importing, exporting, distributing, supplying, offering for sale, selling, or inducing the making, using, importing, offering for sale or sale of any product or service falling within the scope of any claim of the '5752 and '041 patents, or otherwise infringing any claim thereof;

C. Declaring that Defendant ATTS has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '936, '9752, '5752, '856, and '041 patents;

D. Declaring that Defendant Microsoft has directly infringed, contribubutorily infringed, and/or induced infringement of one or more claims of the '5752 and '041 patents;

E. Awarding Plaintiff damages in accordance with 35 U.S.C. § 284;

F. Awarding Plaintiff its pre-judgment interest and post-judgment interest at the maximum rate allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284,

from the date of each act of infringement of the '936, '9752, '5752, '856, and '041 patents by Defendants to the day a damages judgment is entered, and further an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

    G.  Declaring this case to be an exceptional case pursuant to 35 U.S.C. § 285 and ordering Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

    H.  Awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284;

    I.  Awarding Plaintiff supplemental damages for any continuing post-verdict infringement up until Defendants are permanently enjoined from further infringing activities;

    J.  Awarding Plaintiff a compulsory future royalty in the event an injunction is not awarded; and

    K.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

DATED: February 16, 2015

By: _____
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848


Nicholas R. Valenti, *pro hac vice to be filed*
Attorney for Plaintiff
Schmeiser, Olsen & Watts, LLP
22 Century Hill Drive, Ste. 302
Latham, New York 12110
Telephone: (518) 220-1850
Facsimile: (518) 220-1857
nvalenti@iplawusa.com