**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KEITH RANIERE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-CV-0540-M |
| | ) | [LEAD CASE] |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| KEITH RANIERE, | ) | |
| | ) | Civil Action No. 3-15-CV-2298-M |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| AT&T CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF KEITH RANIERE'S OPPOSITION TO DEFENDANTS' MOTION FOR**
**FEES AND COSTS UNDER 35 U.S.C. § 285**

TABLE OF CONTENTS

I.     Introduction ............................................................................................ 1

II.    Facts....................................................................................................... 1

III.   Argument ............................................................................................... 5

  A.  A Dismissal for Lack of Standing Does Not Create a Prevailing Party.................. 5

    1.  Defendants did not carry their burden on "prevailing party." ............................. 5

    2.  A dismissal for lack of standing is not an adjudication on the merits. ................ 5

    3.  Without an adjudication on the merits, there is no prevailing party. .................... 6

    4.  A dismissal with prejudice, as a sanction and for lack of standing, is not an implied adjudication on the merits. .................................................................. 9

    5.  Possible contrary authority does not apply. ........................................................ 10

  B.  This Case Is Not "Exceptional"................................................................ 11

  C.  Raniere and His Counsel Zealously Pursued His Good Faith Claim of Ownership
      ................................................................................................................. 17

  D.  What Exceptional Looks Like .................................................................. 20

  E.  Defendants' Factual Recitations Are Incorrect ...................................... 21

  F.  Section 285 Does Not Authorize an Award Against Counsel .............................. 22

  G.  The Court Should Delay a Ruling ............................................................ 24

IV.   Conclusion........................................................................................... 25

TABLE OF AUTHORITIES

## Cases

*Advanced Video Techs. LLC v. HTC Corp.*,
   No. 1:11 Civ. 06604, 2015 U.S. Dist. LEXIS
   122423 (S.D.N.Y. Aug. 28, 2015) ................................................................... 10, 23, 24

*Arlington Indus. v. Bridgeport Fittings, Inc.*,
   No. 3:06-CV-1105, 2016 U.S. Dist. LEXIS 34372 (M.D. Pa. Mar. 17, 2016) ............. 19

*Berry v. Cignarsi-Cigna*,
   975 F.2d 1188 (5th Cir. 1992) ...................................................................... 16

*Bowling v. Hasbro, Inc.*,
   403 F.3d 1373 (Fed. Cir. 2005) .................................................................... 16

*Brown v. Borough of Chambersburg*,
   903 F.2d 274 (3d Cir. 1990) ......................................................................... 22

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
   532 U.S. 598 (2001) ................................................................................. 6, 8

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   No. 11-1175, 2014 U.S. Dist. LEXIS 127645 (D. Del. 2014) ...................................... 20

*Checkpoint Sys. v. All-Tag Sec. S.A.*,
   No. 01-2223, 2015 U.S. Dist. LEXIS 109284 (E.D. Pa. Aug. 18, 2015) ...................... 20

*Clouding IP, LLC v. EMC Corp.*,
   No. 13-1455-LPS, 2015 U.S. Dist. LEXIS 131999 (D. Del. Sep. 30, 2015) ................ 15

*Corneveaux v. CUNA Mut. Ins. Group*,
   76 F.3d 1498 (10th Cir. 1996) ...................................................................... 22

*DH Tech., Inc. v. Synergystex Int'l, Inc.*,
   154 F.3d 1333 (Fed. Cir. 1998) ................................................................... 5, 10

*Digeo, Inc. v. Audible, Inc.*,
   505 F.3d 1362 (Fed. Cir. 2007) ............................................................. 11, 13, 16

*Edekka LLC v. 3balls.com, Inc.*,
    No. 2:15-CV0-541 JRG, 2015 U.S. Dist. LEXIS 168610 (E. D. Tex. Dec. 17, 2015) . 20

*EON Corp. IP Holdings LLC v. Cisco Sys.*,
    No. 12-cv-01011-JST, 2014 U.S. Dist. LEXIS 101923 (N.D. Cal. Jul.  25, 2014) ....... 13

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) ........................ 19

*Flaksa v. Little River Marine Constr. Co.*,
    389 F.2d 885 (5th Cir. 1968) ....................................................................................... 15

*Gaymar Indus. v. Cincinnati Sub-Zero Prods.*,
    790 F.3d 1369 (Fed. Cir. 2015) .................................................................................... 18

*H.R. Techs., Inc. v. Astechnologies, Inc.*,
    275 F.3d 1378 (Fed. Cir. 2002) ...................................................................................... 7

*Hamer v. County of Lake*,
    819 F.2d 1362 (7th Cir. 1987) ..................................................................................... 22

*Havens v. Mabus*,
    759 F.3d 91 (D.C. Cir. 2014) ....................................................................................... 10

*Healey v. Chelsea Resources, Ltd.*,
    947 F.2d 611 (2d Cir. 1991) ......................................................................................... 22

*Heckethorn v. Sunan Corp.*,
    992 F.2d 240 (9th Cir. 1993) ........................................................................................ 22

*Hewitt v. Helms*,
    482 U.S.755 (1987) ........................................................................................................ 6

*Home Gambling Network, Inc. v. Piche*,
    No. 2:05-CV-610-DAE, 2014 U.S. Dist. LEXIS 71071 (D. Nev. May 22, 2014) .......... 9

*HomeSafe Inspection, Inc. v. Hayes*,
    No. 3:14-CV-209, 2016 U.S. Dist. LEXIS 25942 (N.D. Miss. Mar. 2, 2016) ....... passim

*In re Unified Messaging Solutions, LLC*,
    No. 12 C 6286, 2015 U.S. Dist. LEXIS 141577 (N.D. Ill. Oct. 19, 2015) ................... 10

*Inland Steel Co. v. LTV Steel Co.*,
    364 F.3d 1318 (Fed. Cir. 2004) ...................................................................................... 6

*Intellect Wireless, Inc. v. Sharp Corp.*,
   45 F. Supp. 3d 839 (N.D. Ill. 2014) ......................................................... 9, 20

*Lang v. Morris*,
   No. C-11-1366 EMC, 2011 U.S. Dist. LEXIS 140139 (N.D. Cal. 2011) ........................ 9

*Lemon v. Liberty Life Assur. Co.*,
   304 Fed. Appx. 273 (5th Cir. 2008) ............................................... 22

*Lumen View Tech., LLC v. Findthebest.com, Inc.*,
   24 F. Supp. 3d 329 (S.D.N.Y. 2014) ............................................ 20

*Meade v. Grubbs*,
   841 F.2d 1512 (10th Cir. 1988) .................................................... 9

*National Farmers' Org., Inc. v. Associated Milk Producers, Inc.*,
   850 F.2d 1286 (8th Cir. 1988) ..................................................... 24

*Neft v. Vidmark, Inc.*,
   923 F.2d 746 (9th Cir. 1991) ....................................................... 23

*Novo Nordisk A/S v. Mylan Pharms., Inc.*,
   No. 09-2445 (FLW), 2010 U.S. Dist. LEXIS 127070 (D.N.J. Dec. 2, 2010) ............ 9, 12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S.Ct. 1749 (2014) ....................................................... 11, 13, 14

*Otsuka Pharm. Co. v. Sandoz, Inc.*,
   No. 07-1000 (MLC), 2015 U.S. Dist. LEXIS 137887 (D. N.J. Oct. 9, 2015) ......... 17, 19

*Phonometrics, Inc. v. ITT Sheraton Corp.*,
   64 Fed. Appx. 219 (Fed. Cir. 2003) ............................................ 23

*Propat Int'l Corp. v. Rpost US, Inc.*,
   473 F.3d 1187 (Fed. Cir. 2007) .................................................. 13

*Quiroga v. Hasbro, Inc.*,
   934 F.2d 497 (3d Cir. 1991) ..................................................... 23

*Realtime Data, LLC v. CME Group, Inc.*,
   No. 11-cv-6697-KBF, 2014 U.S. Dist. LEXIS 91051 (S.D.N.Y. Jun. 24, 2014) .......... 19

*Resonant Sensors, Inc. v. SRU Biosystems, Inc.*,
   651 F. Supp. 2d 562 (N.D. Tex. 2009) ........................................... 8

*RNA Corp. v. P&G*,
    747 F. Supp. 2d 1008 (N.D. Ill. 2010) ........................................................... 8

*Robinson v. Bartlow*,
    No. 3:12-cv-00024, 2014 U.S. Dist. LEXIS 75105 (W.D. Va. June 3, 2014) ................ 8

*Rocky Mt. Tech. Eng'g Co., LLC v. Hutchens Indus.*,
    263 Fed. Appx. 895 (Fed. Cir. 2008) ............................................................. 15

*Samsung Elecs. Co. v. Rambus Inc.*,
    440 F. Supp. 2d 495 (Fed. Cir. 2008) ............................................................. 7

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ................................................................................... 10

*Sepulvado v. La. Bd. of Pardons & Parole*,
    114 Fed. Appx. 620 (5th Cir. 2004) ............................................................... 7

*SFA Sys., LLC v. Newegg, Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015) ..................................................................... 11

*St. Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*,
    No. 09-354 (KAJ), 2015 U.S. Dist. LEXIS 158364 (D. Del. Nov. 23, 2015) ......... 17, 24

*Stillman v. Edmund Sci. Co.*,
    522 F.2d 798 (4th Cir. 1975) ........................................................................ 23

*TF-Harbor, LLC v. City of Rockwall, TX*,
    18 F. Supp. 3d 810 (N.D. Tex. 2014) ............................................................. 7

*True Ctr. Gate Leasing, Inc. v. Gate, L.L.C.*,
    427 F. Supp. 2d 946 (D. Az. 2006) ............................................................ 8, 12

*Univ. of Pittsburgh v. Varian Med. Sys.*,
    569 F.3d 1328 (Fed. Cir. 2009) ..................................................................... 7

*Velez v. Portfolio Recovery Assoc., Inc.*,
    No. 4:12-cv-00143, 2012 U.S. Dist. LEXIS 142949 (E.D. Mo. Oct. 3, 2012) ............ 8

*Visioneer, Inc. v. KeyScan, Inc.*,
    No. 3:08-cv-03967-MHP (N.D. Cal. Jul. 9, 2009) .......................................... 10

*VM Tech, Inc. v. Compaq Computer Corp.*,
    130 Fed. Appx. 470 (Fed. Cir. 2005) ............................................................. 16

**Statutes**

28 U.S.C. § 1927 ......................................................................................... 22, 24

35 U.S.C. § 285 ........................................................................................... passim

42 U.S.C. § 1988 ............................................................................................... 22

42 U.S.C. § 2000e-5(k) ................................................................................ 22, 23

Rev. Code Wash. § 23B.10.030(5) .................................................................... 21

Rev. Code Wash. § 23B.14.050(1)(d) and (e) ................................................... 21

Rev. Code Wash. § 23B.14.050(5) .................................................................... 21

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................................... 7

Fed. R. Civ. P. 19 ................................................................................................. 5

Fed. R. Civ. P. 41(b) ................................................................................. 1, 5, 15

Fed. R. Civ. P. 54(d)(2) ..................................................................................... 24

Fed. R. Civ. P. 54(d)(2)(b)(i), ........................................................................... 24

**MEMORANDUM**

## I.

### INTRODUCTION

Defendants Microsoft Corporation and AT&T Corporation seek attorneys' fees under 35 U.S.C. § 285 following this Court's order dismissing patent infringement claims.  Their motion should be denied because (1) Microsoft and AT&T are not prevailing parties within the meaning of section 285 and Federal Rule of Civil Procedure 41(b) and (2) this case is not "exceptional."  Alternatively, Raniere requests that this Court defer a decision until after the appeal.

## II.

### FACTS

The Court is well familiar with the facts of this case.  Keith Raniere invented a patent for a teleconferencing system.  Exh. 3 Appx1728.  This February 16, 2015, action against Microsoft and AT&T asserted infringement of five child patents.  Exh. 3 Appx31.

Schmeiser, Olsen & Watts LLP ("Schmeiser Olsen") represented Raniere in the prosecution of the patent.  Olsen Decl. ¶ 5.  Arlen Olsen has known Raniere a significant period of time and understands how Raniere controls his inventions.  Olsen Decl. ¶¶ 7-8.

Raniere formed Global Technologies, Inc. ("GTI").  Exh. 3 Appx1728.  His girlfriend Toni Natalie held 75% of the shares in trust for Raniere.  Exh. 3 Appx1653, Exh. 3 Appx2672:13-21, Exh. 3 Appx2675:15-2676:21; Exh. 3 Appx2425-28; Exh. 3 Appx1653.

**PLAINTIFF KEITH RANIERE'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR FEES AND COSTS UNDER 35 U.S.C. § 285**

As Raniere explained, in 1995 he and his fellow inventors Steve Danzig, Steve Delaney and one other assigned their invention to GTI to exploit.  Exh. 3 Appx1653; Exh. 3 Appx2530-34.  The State of Washington later dissolved GTI.  Exh. 3 Appx2542-43.  Then, in 1997 Natalie transferred her shares to Raniere and the other two abandoned their interests.  Exh. 3 Appx2710:1-8.

In a pre-suit investigation, Schmeiser Olsen believe that the dissolved GTI might not have the power to commence litigation but could convey assets.  Olsen Decl. ¶¶ 11-12.  Based upon representations by Raniere and Steve Danzig's lawyer (Danzig is listed as one of the inventors), Olsen accepted as correct 2014 documents (Exh. 3 Appx2536, 2538, 2540) which Raniere executed for GTI assigning the patents to himself.  Olsen Decl. ¶¶ 14-15

The first of three hearings in this case was the September 28, 2015 status conference.  From that conference:  "The Court ORDERS that Plaintiff produce to the Court and all opposing counsel, on or before October 12, 2015, all documents that Plaintiff contends establish his ownership interest in the asserted patents."  Exh. 3 Appx1308.

On October 12, 2015, Raniere's counsel's letter to the Court enclosed documents, which said:  "Mr. Raniere appears to have executed a series of documents that, if effective, would have transferred ownership of the patents to him from [GTI]. . . . Counsel are in the process of trying to determine whether or not these documents were effective . . . ."  Exh. 3 Appx1352-61.  The documents transmitted to the Court were the

**PLAINTIFF KEITH RANIERE'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR FEES AND COSTS UNDER 35 U.S.C. § 285 – Page 2**

three self-executed assignment documents from GTI to Raniere and the March 23, 1995 assignment from Raniere et al. to GTI, all as described above.  But, Raniere produced all that he had, withheld nothing, and if there was more to get it had to be with process.  As explained below, critical third-party witnesses were not cooperative.

In response to this production to the Court, the Court ordered on October 14, 2015, that the only discovery that could occur in the case, to be completed by December 18, 2015, would be standing-related.  The Court expressed concern about counsel's equivocal language in his transmittal letter.  Exh. 3 Appx018.  The Court on October 29, 2015, then ordered a stay of all proceedings pending resolution of the standing question.  Exh. 3 Appx1393.

Defendants did nothing more than propound document requests and interrogatories. Raniere described the circumstances of his 100% GIT ownership but also stated that there is "a shareholder Agreement, which is not in Plaintiff's possession [which may] be in the possession of Alan Rubens," the aforementioned Spokane incorporating attorney of GTI.  Exh. 3 Appx1476.  Raniere further said that he would supplement his responses when he obtained the information.  Exh. 3 Appx1706.

Disturbed by the lack of progress from October to December 2015, and disagreeing with his counsel's desire to dismiss and quit the case (Appx1654-55)[1] Raniere asked another lawyer, Robert D. Crockett of Los Angeles, to review what had

---

[1]     Raniere objects to Defendants' discussion of settlement negotiations in the context of the relief sought here.  This sort of argument would chill any future efforts to discuss settlement, as they would likely appear in papers seeking dispositive relief.

**PLAINTIFF KEITH RANIERE'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR FEES AND COSTS UNDER 35 U.S.C. § 285 – Page 3**

been done.  Exh. 3 Appx1595-96.  Crockett learned fairly quickly in January 2016 that

corporate documents were available to be had from Spokane attorney Alan Rubens.  Exh.

3 Appx1596.  The Court permitted a subpoena to issue to Rubens on February 3, 2016.

Exh. 3 Appx1839.  One day later, Rubens produced his documents.  Exh. 3 Appx2567-

648; see the full history of Crockett's efforts with Rubens at Crockett Decl. ¶¶ 5-10, 13,

17-18.

Upon seeing the Rubens documents, Crockett determined that he needed

testimony and documents from Danzig and Delaney.  Raniere explained that his review

of the Rubens documents refreshed his recollection of the ownership facts of GTI and

how he came to own 100 percent of the stock.  Exh. 3 Appx2091.  Seventeen days after

appearing in the case, Danzig's lawyer told Crockett that due to personal reasons having

nothing to do with the case or its merits, Danzig would not cooperate.  Crockett Decl. ¶

15.  Crockett also learned that efforts to involve Delaney, an NYU employee, were

fruitless.  *Id*. ¶ 16.  Raniere informed the Court on March 1, 2016 that he needed process

for third party discovery.  Exh. 3 Appx2749:24-2750:2.

On March 1, 2016, the Court dismissed the case, denying leave for third party

discovery.  Exh. 3 Appx2749:24-2750:2.  "Your client has had plenty of opportunities

and court orders with which he has not complied."  Exh. 3 Appx2658:12-2659:13.  The

Court found a "clear history of delay and contumacious conduct."  Exh. 3 Appx2781:13-

15.

## III.

### ARGUMENT

### A.    A Dismissal for Lack of Standing Does Not Create a Prevailing Party

A dismissal with prejudice as a sanction is not an adjudication on the merits. Without an adjudication of the merits there is not a "prevailing party." Unless one is a prevailing party, one cannot expect to collect fees.

### 1.    Defendants did not carry their burden on "prevailing party."

Section 285 of title 35 of the United States Code authorizes a Court to award attorneys' fees to (1) a "prevailing party" (2) "in exceptional cases." Defendants did not address "prevailing party" status except to say that they prevailed. They should not be permitted to attempt to meet their burden in reply. A district court cannot proceed to an exceptional case analysis without first making a prevailing party determination. *See DH Tech., Inc. v. Synergystex Int'l, Inc.,* 154 F.3d 1333, 1344 (Fed. Cir. 1998).

### 2.    A dismissal for lack of standing is not an adjudication on the merits.

Rule 41(b) of the Federal Rules of Civil Procedure states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Defendants do not even mention Rule 41(b).  Rule 41(b) applies to "any dismissal not under this rule" and a dismissal for lack of jurisdiction is not an adjudication on the merits.

The Court here did not adjudicate any merits.  The Court said:  "The Court dismisses the claims with prejudice because Mr. Raniere's conduct demonstrates in the Court's view a clear history of delay and contumacious conduct."  Exh. 3 Appx2781:13-15.  "And, your client has had plenty of opportunities and court orders with which he has not complied."  Exh. 3 Appx2658:12-2659:13.  The Court did not make any findings about any adjudication on the merits.

### 3.    Without an adjudication on the merits, there is no prevailing party.

"A party who has not receive[d] at least some relief on the merits cannot be said to be a prevailing party."  *HomeSafe Inspection, Inc. v. Hayes*, No. 3:14-CV-209, 2016 U.S. Dist. LEXIS 25942, *4 (N.D. Miss. Mar. 2, 2016) (quote signals omitted), quoting *Inland Steel Co. v. LTV Steel Co*., 364 F.3d 1318, 1320 (Fed. Cir. 2004), quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res*., 532 U.S. 598, 603-05 (2001).  *Buckhannon* held that "[o]ur respect for ordinary language requires that a [party] receive at least some relief on the merits of his claim before he can be said to prevail."  *Id.* at p. 603, quoting from *Hewitt v. Helms*, 482 U.S.755, 760 (1987).

Federal Circuit decisions agree that dismissal for lack of standing is not to prevail on the merits.  "A dismissal for lack of standing is jurisdictional and is not an adjudication on the merits. . . . [T]he law universally disfavors dismissing an action with

prejudice based on lack of standing." *Univ. of Pittsburgh v. Varian Med. Sys.*, 569 F.3d 1328, 1332-1333 (Fed. Cir. 2009); *see also Samsung Elecs. Co. v. Rambus Inc.*, 440 F. Supp. 2d 495, 504 n.7 (Fed. Cir. 2008) ("A dismissal for lack of jurisdiction is not a determination on the merits and thus is typically without prejudice").

   *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002) held: "Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice." The decision discusses dismissals with prejudice and highlights the fact that a dismissal for lack of standing cannot be a decision on the merits. *Ibid*.

   Courts in the Fifth Circuit agree. A dismissal with prejudice is not, in and of itself, "relief on the merits." *Sepulvado v. La. Bd. of Pardons & Parole*, 114 Fed. Exh. 3 Appx. 620, 622 (5th Cir. 2004) (per curiam) ("Dismissal for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1), is without prejudice."). When "defendants [are] successful in their motion to dismiss due to lack of standing, but the merits of the case [are] left undecided," defendants do not qualify as "prevailing part[ies]." *HomeSafe Inspection, supra,* 2016 U.S. Dist. LEXIS 25942, at *5. A dismissal based on lack of standing does not grant any relief on the "merits" because "the merits of the case [plaintiff's infringement claims] were never and could not properly have been reached." *Id*. at *6; *see also TF-Harbor, LLC v. City of Rockwall, TX,* 18 F. Supp. 3d 810, 817 (N.D. Tex. 2014) (dismissal for lack of standing does not address merits of claim which

under the Seventh Amendment must be decided by a jury).  This Court dismissed a patent

suit for lack of standing without prejudice despite over 10 months of litigation on the

standing issue.  *Resonant Sensors, Inc. v. SRU Biosystems, Inc.*, 651 F. Supp. 2d 562, 576

(N.D. Tex. 2009).

Other courts agree.  "[W]ith the exception of one court, every district court to

consider the issue since *Buckhannon* has held that defendants who succeed on motions to

dismiss for lack of personal jurisdiction do not qualify as prevailing parties."  *Robinson v.

Bartlow*, No. 3:12-cv-00024, 2014 U.S. Dist. LEXIS 75105, *8 (W.D. Va. June 3, 2014).

If the Court "never reache[s] the merits of the patent claim," but "dismisse[s] [the] action

for lack of jurisdiction [] without resolving the patent dispute," defendant cannot be the

"prevailing party."  The sole exception was *Velez v. Portfolio Recovery Assoc., Inc.*, No.

4:12-cv-00143, 2012 U.S. Dist. LEXIS 142949, at *1 (E.D. Mo. Oct. 3, 2012), but

*Robinson* noted that *Velez* does not explain its reasoning.

*True Ctr. Gate Leasing, Inc. v. Gate, L.L.C.*, 427 F. Supp. 2d 946 (D. Az. 2006)

addressed the question of attorneys' fees under 35 U.S.C. § 285.  "Z-Kell is not the

'prevailing party' on the patent claim.  The Court never reached the merits of the patent

claim.  Rather, the Court dismissed the action for lack of jurisdiction . . . .K-Zell did not

obtain a favorable ruling on the validity of its patents . . . ."  *Id*. at p. 950.  *RNA Corp. v.

P&G*, 747 F. Supp. 2d 1008, 1020 (N.D. Ill. 2010), held:  "A requirement of at least some

judgment on the merits in order to determine a prevailing party is a logical necessity . . .

[Attorneys' fees] can only be awarded on a legal basis if a determination of infringement

is made – which has not occurred here."  "Without a finding of liability or its absence, no prevailing party can be determined, and without a prevailing party, no attorneys' fees can be awarded according to statute." *Id.,* at p. 1021.  *Novo Nordisk A/S v. Mylan Pharms., Inc.*, No. 09-2445 (FLW), 2010 U.S. Dist. LEXIS 127070, at *10-12 (D.N.J. Dec. 2, 2010) (quoting authorities), held:  "[A] dismissal for lack of jurisdiction is not a determination on the merits.  Indeed, 'a defendant cannot be considered a "prevailing party" when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action.'"  *See also Lang v. Morris*, No. C-11-1366 EMC, 2011 U.S. Dist. LEXIS 140139, at *3 (N.D. Cal. 2011) (dismissals for lack of subject matter jurisdiction do not create prevailing parties).

Defendants cite two decisions, for other reasons, but they were decided on the merits. *Home Gambling Network, Inc. v. Piche*, No. 2:05-CV-610-DAE, 2014 U.S. Dist. LEXIS 71071, at p. *29 (D. Nev. May 22, 2014); *Intellect Wireless, Inc. v. Sharp Corp.*, 45 F. Supp. 3d 839, 845-46 (N.D. Ill. 2014).

### 4. A dismissal with prejudice, as a sanction and for lack of standing, is not an implied adjudication on the merits.

One might be tempted to argue that a dismissal with prejudice is an implied adjudication of the merits because it affects the merits.  One should not.  A dismissal with prejudice as a sanction is the exact opposite of a merits-based decision.  *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) held that dismissal with prejudice as a sanction "outweigh[s] the judicial system's strong predisposition to resolve cases on their

merits" and the factors needed to dismiss a case with prejudice as a sanction are irrespective of the merits.

Also, a dismissal with prejudice for lack of standing is not an implied adjudication of the merits. Ordinarily, an "adjudication on the merits . . . is synonymous with a dismissal with prejudice and 'the opposite of a dismissal without prejudice.'" *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014), citing and quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001). But, as *Havens* further holds, Rule 41(b) overrides this tautology for a case dismissed for lack of jurisdiction. *Havens, supra*, at p. 98.

### 5.     Possible contrary authority does not apply.

The Court can disregard three decisions Raniere has found which might hold to the contrary, i.e., that fees can be awarded when a patent case is dismissed for lack of standing or as a sanction. *See Visioneer, Inc. v. KeyScan, Inc.*, No. 3:08-cv-03967-MHP (N.D. Cal. Jul. 9, 2009), ECF No. 79 (cited by Defendants, but not for the proposition that they are prevailing parties), has never been published by any service, never has been cited, and did not undertake any prevailing party analysis. *In re Unified Messaging Solutions, LLC*, No. 12 C 6286, 2015 U.S. Dist. LEXIS 141577 (N.D. Ill. Oct. 19, 2015), has never been cited, has no prevailing parties analysis, and awarded fees to a piece of a non-resolved case, despite the rule (*DH Tech, supra,* 154 F.3d at 1344) that the entire case must be resolved. *Advanced Video Techs. LLC v. HTC Corp*., No. 1:11 Civ. 06604, 2015 U.S. Dist. LEXIS 122423 (S.D.N.Y. Aug. 28, 2015) awarded fees against a "patent troll" with no prevailing party analysis. It has never been cited.

**B.      This Case Is Not "Exceptional"**

Even if the Court finds that Defendants are "prevailing parties," they have not met their burden that this case is "exceptional." 35 U.S.C. § 285. Defendants bear the burden to prove exceptional circumstances by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1758 (2014). An "exceptional" case is one that, under "the totality of the circumstances," "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.*, at p. 1745. The Supreme Court explained that under section 285's fee-shifting framework, courts may consider the following factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.,* at p. 1756 n. 6. As discussed below, the Defendants' case fails each factor under *Octane Fitness*.

"[A]n award of fees under section 285 is not 'a penalty for failure to win a patent infringement suit.'" *Octane Fitness, supra,* 134 S. Ct. at p. 1753. Of utmost importance in this analysis is that: "A party's position on issues of law ultimately need not be correct for them to [] be found reasonable." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015). Further, the "correctness or success of the parties' arguments at trial is not dispositive in assessing the strength of their arguments." *Ibid.* An "unusual" case is not necessarily an "exceptional" case. *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1370 (Fed. Cir. 2007).

At this stage of the litigation, this Court does not yet know anything about the substantive merits of this case.  As the Court stated in *HomeSafe Inspection, supra,* 2016 U.S. Dist. LEXIS 25942, at *6 [citation omitted]:

> The Court dismissed [plaintiff's] claims based on lack of standing [] not on the lack of merit of plaintiff's infringement claims, meaning the merits of the case were never and could not properly have been reached. A case is not exceptional 'merely because a party has a good faith belief that there is standing to sue but is ultimately incorrect.'

Likewise, the Court in *True Ctr. Gate Leasing* rejected defendant's argument that plaintiff's patent claims were brought in bad faith because "[t]he Court never had an opportunity to address the merits of the claims.  Although [defendant] argues that other portions of the litigation were conducted in bad faith, the attorneys' fee provision in question applies only to the patent claims and [defendant] has not demonstrated that those claims were asserted in bad faith or were the result of other inequitable conduct." *True Ctr. Gate Leasing, supra,* 427 F. Supp. 2d at pp. 950-51.  *Novo Nordisk, supra,* 2010 U.S. Dist. LEXIS 127070, at *17, held:  "Infringement allegations are objectively baseless if 'no reasonable litigant could realistically expect success on the merits.'" *Id*. at *17 (quoting authorities).  "[T]his Court never reached the merits of Nordisk's Complaint. Thus, . . . Mylan did not receive relief on the merits." *Id*. at *18.

Although the "substantive strength" of the preliminary standing issue is not implicated in an analysis of whether a case is "exceptional," Raniere's actions with respect to his standing argument meet the "substantive strength" test as well.  Raniere, on the advice of counsel, executed corporate documents which he believed gave him 100%

ownership of his own patents and proceeded to file suit.  That is good faith.  *EON Corp. IP Holdings LLC v. Cisco Sys.*, No. 12-cv-01011-JST, 2014 U.S. Dist. LEXIS 101923, at *21 (N.D. Cal. Jul.  25, 2014) (while plaintiffs' argument was "quite stretched, such that few patentees would pursue it," case is not "extraordinary").

A strikingly similar case is the Federal Circuit's *Digeo, supra,* 505 F.3d 1362. Although *Digeo* was decided pre-*Octane Fitness*, its discussion on the award of attorneys' fees following a dismissal for lack of standing is instructive.  Plaintiff bought a patent at a bankruptcy estate sale.  The file history contained executed powers of attorney purportedly signed by one of the inventors as executor of the estate of a deceased inventor.  *Digeo*, at p. 1365.  Discovery revealed that the inventor was not deceased, as previously thought, and that the powers of attorney were forged.  *Id.*, at p. 1366.  After plaintiff dismissed its claims, defendants brought a motion for attorneys' fees stating that plaintiff should have discovered the title defect "through ordinary diligence." *Id.*, at pp. 1366-1367.  The court rejected the argument that "sloppy paperwork" justified an award of attorneys' fees, stating:  "[N]o one else [] discovered the defect [during] at least a year of litigation." *Id.*, at p. 1367.  As defendants "offered no evidence as to what steps it took to discover the defect," there was insufficient evidence that "[plaintiff] knew or should have known of the defect in its title." *Ibid.*

Another instructive case is *Propat Int'l Corp. v. Rpost US, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007), also decided pre-*Octane Fitness*.  In *Propat*, after months of litigation and rulings by the Court, the defendant brought a motion to dismiss plaintiff's suit for

lack of standing.  *Propat*, at p. 1188.  The Court carefully analyzed a corporate agreement

which governed the rights of plaintiff and other parties to the patent and ultimately

dismissed plaintiff's action without prejudice.  *Id.* at pp. 1189-1194.  However, the Court

rejected defendants' motion for attorneys' fees:  "While the court concluded that

[plaintiff's] 'standing' argument was legally incorrect, it held, reasonably in our view, the

plaintiff's interpretation and behavior with respect to that issue 'was not so reckless as to

warrant sanctioning.'"  *Id.* at p. 1195.  Similarly, while this Court ruled that Raniere's

"standing argument was legally incorrect," Raniere's "interpretation" of the corporate

agreements at issue "was not so reckless as to warrant sanctioning."  *Ibid.*

     A post-*Octane Fitness* case, *HomeSafe Inspection,* determined that plaintiff lacked

standing to bring the suit based on a complicated issue of Mississippi corporate law

regarding administratively dissolved corporations which the federal court labeled as

"unclear."  *HomeSafe Inspection*, *supra,* 2016 U.S. Dist. LEXIS, at *6.  The district court

found that until "this court issued its order determining that the initial transfer between

[parties] was statutorily invalid [] plaintiff had no statutory authority or legal ruling to

lead it to believe that this transfer was anything but a valid act [] as permitted for

administratively dissolved corporations."  *Id.,* at *7.  Similarly, Raniere believed that he

had executed a "valid" corporate act for his "dissolved corporation" which validly

transferred title of the patent to him.  Raniere had no reason to believe his title was

invalid.  The Court in *HomeSafe Inspection* stated:  "It would be a large leap for the court

now to award defendants hundreds of thousands of dollars in attorneys' fees because

[plaintiff] should have known that [a corporate transfer was invalid]." *Id.*, at *9.

The Court in another post-*Octane* case, *Clouding IP, LLC v. EMC Corp.*, No. 13-

1455-LPS, 2015 U.S. Dist. LEXIS 131999, *6 (D. Del. Sep. 30, 2015), rejected

defendant's arguments that plaintiff failed to perform an "adequate pre-suit investigation"

into its standing and "continued litigating" after "it knew or should have known" about its

standing problems.  The Court stated:

> The Court finds that Plaintiff had a good faith, though ultimately incorrect,
> belief that it had standing to sue throughout the litigation.  In particular, the
> Court agrees with Plaintiff's statement that "[i]t is illogical to believe that
> [plaintiff] would incur the significant time and expenses associated with
> patent litigation all the while believing that it lacked standing, especially
> because a party can challenge standing until the last moments of a case.

*Id.*, at p. 6.  Raniere's good faith belief that he owned the patent is evident from his

counsel's declaration that Raniere paid for the patent prosecution.  Olsen Decl. ¶ 18.

This Court dismissed with prejudice because of a "clear record of delay and

contumacious conduct."  Tr. 133:15.  This is the Fifth Circuit standard for a Rule 41(b)

dismissal sanction and such a sanction "should be used only in extreme situations."

*Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968); *see also*

*Rocky Mt. Tech. Eng'g Co., LLC v. Hutchens Indus.,* 263 Fed. Exh. 3 Appx. 895, 898

(Fed. Cir. 2008) (regional circuit law applies to Rule 41(b) dismissals).

The only references in Defendants' briefs to an order disobeyed or to

contumacious conduct are either unsupported by any reference or pertain to:  (1)

Raniere's failure to produce third-party material, (2) his refreshed memory, (3) issues

regarding Raniere's deposition, and (4) references to a supposed failure to include all

references to Washington law in an appendix.  But, he produced all that he had.  He

appeared in Court when ordered.  He retained an attorney for a second opinion and he

acted on that advice.  "[M]erely negligent conduct does not suffice to establish that a case

is exceptional."  *Digeo, supra,* 505 F.3d at p. 1369.

A finding of a "clear record of delay and contumacious conduct" is not the

complete standard of dismissals as sanctions.  The district court must also make a finding

as to whether "lesser sanctions would not serve the best interests of justice."  *VM Tech,*

*Inc. v. Compaq Computer Corp.,* 130 Fed. Exh. 3 Appx. 470, 472 (Fed. Cir. 2005)

quoting *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992).  The district court

should also consider whether there are any aggravating factors that include "(1) delay

caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant;

or (3) delay caused by intentional conduct."  *Id.*  At a minimum, the district court is

required to give litigants a warning that a dismissal with prejudice is imminent.  *See*

*Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1377 (Fed. Cir. 2005).  The Court considered

none of these things as the only record support for an extraordinary result in this case was

Defendants' unsupported rhetoric.

## C.     Raniere and His Counsel Zealously Pursued His Good Faith Claim of

## Ownership

Defendants argue that Raniere "move[d] the goalposts."  The only evidence of

anything like this in the record is refreshed memory once Raniere obtained the Rubens

documents.  That is not bad faith.

It is perfectly legitimate to refine positions as discovery unfolds.  The Court in *St.*

*Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*, No. 09-354 (KAJ), 2015 U.S.

Dist. LEXIS 158364, at *9 (D. Del. Nov. 23, 2015) found no exceptionality for

"mov[ing] the goalposts":

> [Defendant's] success in forcing [Plaintiff] to change positions in the
> course of litigation does not make this case exceptional.  Parties should
> abandon positions or claims when it appears they are unlikely to prove
> fruitful.  That, in itself, is not problematic. I have no desire to encourage
> parties to hold onto and litigate discredited positions out of a fear that
> abandoning them will result in an attorneys fee award at the end of the
> case.

The Court found the case not "exceptional" in *Otsuka Pharm. Co. v. Sandoz, Inc.*,

No. 07-1000 (MLC), 2015 U.S. Dist. LEXIS 137887, *11-12, 23 (D. N.J. Oct. 9, 2015)

despite the parties' "radical shift in their positions."  The Court stated:

> There is a marked difference between frivolous litigation and a party
> refining trial strategy after [] discovery. . . .[T]he defendants acted
> reasonably based upon their discovery findings.  The defendants concede
> that some of their arguments shifted or changed after discovery.  This
> does not render a case exceptional; rather, it illustrates that the
> defendants properly used discovery throughout the course of litigation as
> a means to refine or change their arguments.

Specifically, a Fifth Circuit district court has held that a change in allegations regarding documentation of title is not exceptional.  In *HomeSafe Inspection,, supra,* 2016 U.S. Dist. LEXIS 25942, at *8-9, the court rejected the argument that plaintiff acted "objectively unreasonably" by initially alleging that it "owned 'title' to the [] patent and subsequently chang[ing] its position on an insider asset transfer and License Agreement for purposes of standing."  (Erroneous quote mark omitted.)

The Federal Circuit in *Gaymar Indus. v. Cincinnati Sub-Zero Prods.*, 790 F.3d 1369, 1376-77 (Fed. Cir. 2015) found that plaintiff's changing legal and factual arguments were "properly characterized as overstatements," [not] misrepresentation or litigation misconduct. . . . "[S]loppy argument [] does not amount to misrepresentation or misconduct. . . . It is important that the district court be particularly careful not to characterize bad lawyering as misconduct."

Further, the Federal Circuit rejected a claim of exceptionality for attorneys' fees based on plaintiff's failure to bring forth evidence when requested to do so several times over a period of months by the district court.  *Gaymar, supra,* 790 F.3d at pp. 1376-77 (Fed. Cir. 2015):

> [T]his Court point blankly asked [plaintiff] if it was prepared to stand on what it had submitted, and [plaintiff] said "yes."  Nevertheless, this Court graciously gave [plaintiff] a second chance to reassess whether it had everything in its papers and supplement its pleadings, but [plaintiff] did nothing. . . . '[M]ere sloppy or overzealous lawyering' does not [constitute exceptional].

Courts have failed to find cases "exceptional" merely because parties continue to press legal theories causing delays.  The Court in *Arlington Indus. v. Bridgeport Fittings,*

*Inc.*, No. 3:06-CV-1105, 2016 U.S. Dist. LEXIS 34372, at *13, 16 (M.D. Pa. Mar. 17, 2016) approved the defendant's "decision to re-assert previously raised [arguments] [which] had the potential to yield positive results" and was "satisfied that [defendant's] advocacy was reasonably based upon colorable, non-frivolous arguments" even though the party's arguments prolonged the litigation for over 10 years.  The *Arlington* Court further rejected plaintiff's charges that defendant inflated "the strength of its case for the purpose of 'entangl[ing] [plaintiff] in full blown discovery,'" stating that defendant was justified in "forecast[ing]" what it hoped to find in discovery.  *Id.,* at *19-20; *see also Realtime Data, LLC v. CME Group, Inc.*, No. 11-cv-6697-KBF, 2014 U.S. Dist. LEXIS 91051, at *10-11 (S.D.N.Y. Jun. 24, 2014) (even though deficiencies in plaintiff's discovery responses ended up costing defendants a "great deal of time and attention," that does not constitute "bad faith").

Further, Defendants have failed to meet their burden of showing an inappropriate motivation by Raniere or a reason to deter any conduct.  Courts have found cases "exceptional" based on the consideration of deterrence only "where there is evidence that the plaintiff is a 'patent troll' or has engaged in extortive litigation." *Otsuka Pharm Co.*, *supra,* 2015 U.S. Dist. LEXIS 137887, at *25-26 (citation omitted); see also, *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011) (case exceptional where plaintiff "filed over 100 lawsuits against a number of diverse defendants" which were then "followed by a demand for a quick settlement at a price far lower than the cost of litigation"); *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 332-

333 (S.D.N.Y. 2014) (case exceptional where plaintiff threatened "full-scale litigation," "protracted discovery," and "threatened to increase its settlement demand every time [defendant] filed a responsive pleading").  Courts have found suits were brought in bad faith "with the improper motive of crippling Defendants' business," where plaintiff's company executives threatened that defendant would "bleed with legal fees" and warned "I'm going to put you in bankruptcy and you will cry.'"  *Checkpoint Sys. v. All-Tag Sec. S.A.*, No. 01-2223, 2015 U.S. Dist. LEXIS 109284, at *8-9 (E.D. Pa. Aug. 18, 2015). None of that is evident here, as is plain from Raniere's demand letters.  (Exh. 3 Appx381, Exh. 3 Appx456).

**D.    What Exceptional Looks Like**

Exceptional cases are cases where something is very wrong <u>substantively</u> with the merits of plaintiff's patent claims or where the plaintiff uses the litigation process as a tool of harassment or extortion.  *See, e.g. Lumen View, supra,* 24 F. Supp. 3d at p. 336 (plaintiff's patent claimed entirely different technology from defendant's patent); *Intellect Wireless, supra,* 45 F. Supp. 3d at p. 853 (plaintiff lied to the Patent Office to procure patents); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175, 2014 U.S. Dist. LEXIS 127645, at *9 (D. Del. 2014) (plaintiff's motivation for filing "frivolous lawsuit" was for "sole purpose of extorting a settlement fee"); *Edekka LLC v. 3balls.com, Inc.*, No. 2:15-CV0-541 JRG, 2015 U.S. Dist. LEXIS 168610, at *17 (E. D. Tex. Dec. 17, 2015) (plaintiff filed "strikingly similar lawsuits against over 200 defendants" which

"reflects an aggressive strategy that avoids testing its case on the merits and instead aims for early settlements falling at or below the cost of defense").

### E.     Defendants' Factual Recitations Are Incorrect

There are too many overzealous recitations of the facts to recount here, but in response:  Raniere explained why he didn't put everything in his interrogatory responses. He was told to omit a claim where he lacked evidence.  There is no evidence he withheld anything.  Exh. 3 Appx2717:17-19.

Raniere explained that he signed the "100%" recital because it was prepared for him by Danzig's lawyer, and Danzig had every reason to get the facts right.  Raniere signed because he presumed Danzig knew better than he did.  Exh. 3 Appx1514, 1518-19, Appx2688:13-20.   In addition, Natalie, Danzig and Delaney never after 1995 claimed an interest in GTI.  Exh. 3 Appx1514, 1518-19, Appx2688:13-20; Exh. 3 Appx2093 ¶ 15.

It is not true that Raniere made up the transfers from Danzig and Delaney because Defendants informed him that 75% of GTI was not enough to assign the patent. The owner of 75% shares had the power to convey all of the assets of GTI away.  Rev. Code Wash. §§ 23B.14.050(5)[2] (corporate actions are governed by majority vote); 23B.10.030(5) (extraordinary measures governed by two-thirds vote), 23B.14.050(1)(d) and (e) (a dissolved corporation has the power to convey assets to shareholders).  There is no evidence to support this particular charge.

Raniere did not conceal his position about missing documents until March 1, 2016.

---

[2]     See Exhibit 4 for Washington statutes.

Raniere signaled in his interrogatory responses in 2015 that there were documents missing.  Exh, 3 Appx1476.

**F.     Section 285 Does Not Authorize an Award Against Counsel**

Defendants place a footnote in their Motion to mention that it is "appropriate for the Court to assess fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927" against Raniere's attorneys, Schmeiser Olsen and the Crockett Firm.  Notably, to persuade the Court to grant a dismissal with prejudice, the Defendants argued that Raniere's attorneys were not responsible for the conduct of which they complain.  Exh. 3 Appx1896.

Fees may not be awarded against a party's attorney absent express statutory authorization.  *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993), citing with approval *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 624 (2d Cir. 1991) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized.").  Other appellate courts, including the Fifth Circuit, agree.  *See, e.g. Lemon v. Liberty Life Assur. Co.*, 304 Fed. Exh. 3 Appx. 273, 275, n. 2 (5th Cir. 2008) (no fees awarded under "statutes [] that are silent on awards against the attorney"); *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1508-09 (10th Cir. 1996) (42 U.S.C. § 2000e-5(k)); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 276 (3d Cir. 1990) (42 U.S.C. § 1988); *Hamer v. County of Lake*, 819 F.2d 1362, 1370 (7th Cir. 1987) (42 U.S.C. § 1988); *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 504 (3d

Cir. 1991) (42 U.S.C. § 2000e-5(k)); *Neft v. Vidmark, Inc.*, 923 F.2d 746, 747 (9th Cir. 1991).

The Federal Circuit has held that section 285 does not authorize fees against attorneys. *Phonometrics, Inc. v. ITT Sheraton Corp.*, 64 Fed. Appx. 219, 222 (Fed. Cir. 2003) ("no legal basis for entering a fee award against the losing party's attorney under § 285"). *See also Stillman v. Edmund Sci. Co.,* 522 F.2d 798, 800-01 (4th Cir. 1975) (overturned fee award against attorney stating:  "[Section 285] sanctions are directed to the parties, and it is not the purpose of the statute to discipline uncooperative or overzealous counsel . . . [W]e think it would be unwise to read the statute so broadly that it would expose the members of the patent bar to potential liability for the sanctions of § 285"); *Advanced Video Techs., supra,* 2015 U.S. Dist. LEXIS 122423, *19 ("sanctions under § 285 may not be assessed against counsel – only against a party").

Defendants have failed to offer any evidence that either firm did anything but zealously advocate for Raniere.  They saw nothing but good faith on his part.  Schmeiser Olsen knows Raniere well, after having represented him for many years.  They have known that Raniere controls his inventions and ideas, even though they may be held in corporations which seek to exploit commercially his creations.  Olsen Decl.  The Crockett Firm came into the matter when lead counsel moved to withdraw and an experienced intellectual property litigator was needed on very short notice to investigate and ensure all had been done to procure evidence of standing.  Crockett Decl. ¶ 19.

The Court in *Advanced Video Techs., supra,* 2015 U.S. Dist. LEXIS, *34 rejected a fee award under 28 U.S.C. § 1927 stating:

> [Plaintiff's] arguments were weak, to be sure, but it would be unreasonable for this court to take the position that finding some arguable basis on which to argue for ownership, rather than abandoning one's client when the client finds itself in dire straits, constitutes bad faith.

Courts have repeatedly held that "the purpose of § 1927 to deter attorney misconduct must be balanced against the ethical obligation of each attorney to represent his or her client zealously." *St. Clair, supra,* 2015 U.S. Dist. LEXIS 158364, at *10. Further, "[t]he need for such balance remains when counsel is advancing a case that, like this one, becomes more challenging as a consequence of judicial rulings made in the course of the proceedings." *Ibid.*

## G.     The Court Should Delay a Ruling

The Court should defer ruling on this Motion or deny it without prejudice.  This case is on appeal to the Federal Circuit.  Judicial economy is well served by deferring this issue of attorneys' fees. *See National Farmers' Org., Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988) ("rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal, . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal.").  Rule 54(d)(2) does not specify a deadline by when the Court must rule on a motion for fees.  Rule 54(d)(2)(b)(i), Fed. R. Civ. P.

**IV.**

**CONCLUSION**

For the reasons stated herein, Raniere respectfully requests that this Court deny

Defendants' Motion or defer a ruling.  Further, Raniere reserves his right to challenge the

amount and needfulness of fees as no detail was provided.

DATED:  April 4, 2016                              Respectfully submitted,


                                                   CROCKETT & ASSOCIATES

                                                   Robert D. Crockett, Lead Counsel, *pro hac vice*
                                                   State Bar No. 105628 [California]
                                                   23504 Lyons Avenue, No. 401
                                                   Santa Clarita, California 91321
                                                   Phone:  323-487-1101
                                                   Fax:  323-843-9711
                                                   bob@bobcrockettlaw.com


                                                   Dan Gus
                                                   Gus & Gilbert Law Firm
                                                   A Professional Corporation
                                                   State Bar No. 24007288
                                                   209 E Main Street
                                                   Waxahachie, TX 75165
                                                   Telephone: (972)330-2775
                                                   Facsimile: (214)960-4140
                                                   dan@gus-gilbert.com
                                                   901 Main Street, Suite 5100


                                                   Christopher E. Blank, *pro hac vice*
                                                   Jared L. DuJack, *pro hac vice*
                                                   Schmeiser, Olsen & Watts
                                                   22 Century Hill Drive, Suite 302
                                                   Latham, New York 12110
                                                   Phone:  518.220.1850

Fax:  518.220.1857
cblank@iplawusa.com
jdujack@iplawusa.com

**ATTORNEYS FOR KEITH RANIERE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April 2016, I submitted a true and correct copy of this Opposition to Defendants' Motion for Fees and Costs Under 35 U.S. C. § 285 to the Clerk of the United States District Court, Northern District of Texas, using the CM/ECF system, and served a copy of it on all counsel that have appeared in this case through this Court's electronic filing system.

_____

Robert D. Crockett

4829-1555-7167, v. 10