IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH RANIERE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 3:15-CV-0540-M |
| MICROSOFT CORPORATION, | § § | |
| Defendant. | § § § | |

| | | |
|---|---|---|
| KEITH RANIERE, | § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL NO. 3:15-CV-2298-M |
| AT&T CORP., | § § | |
| Defendant. | § § § § | |

## ORDER

For the reasons set forth in this Court's Memorandum Opinion and Order dated

September 2, 2016, the Court determined that this case is an exceptional case under 35

U.S.C. § 285 and that Defendants are entitled to recover their reasonable attorneys' fees and

non-taxable costs incurred from September 28, 2015 to March 1, 2016.  *See* Mem. Opn.

[ECF # 35] at 10-11. The Court further found that Plaintiff Keith Raniere acted in bad faith

and vexatiously multiplied the proceeding and that his conduct was sufficiently egregious to

justify the imposition of sanctions under the Court's inherent powers. *See id.* at 11-2.

1

Pursuant to the Court's instructions Defendant AT&T Corp. ("AT&T") submitted evidence that it incurred $408,967.40 in reasonable and necessary attorneys' fees and non-taxable costs during the specified period. Defendant Microsoft Corp. ("Microsoft") similarly submitted evidence that it incurred $178,240.08 in reasonable and necessary attorneys' fees and non-taxable costs during the specified period.  Plaintiff subsequently filed objections to Defendants' evidence and proposed that the Court reduce AT&T's award to $172,488.34 and reduce Microsoft's award to $41,930.86.

The Court applies a two-step process to determine the appropriate amount of attorneys' fees to award. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Maxwell v. Angel-Etts of Ca., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002) (applying two-step process in determining an appropriate award of attorney fees under 35 U.S.C. § 285); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568–69 (5th Cir. 2006) (affirming the district court's application of two-step analysis to determine the amount of reasonable attorneys' fees to award as sanctions).  First, the Court determines the lodestar, which it arrives at by determining the reasonable number of hours expended on the litigation and multiplying that number by the reasonable hourly rates for the participating lawyers. *Kellstrom*, 50 F.3d at 324. The Court then decides whether to accept the lodestar or adjust it, taking into account the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Id.* at 329. While the Court is required to explain its reasons for any adjustments

---

[1]    The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the

to the number of hours spent or to the lodestar, it is not required to do a line-by-line analysis. *See Maxwell*, 53 F. App'x at 569. The Court may make across-the-board cuts, so long as it sets forth a concise reason for the cuts. *Id*.

The Court has independently reviewed Defendants' evidence, including detailed invoices and billing records submitted by each Defendant, and Plaintiff's objections thereto. This evidence shows that five attorneys from the law firm of Paul Hastings LLP ("Paul Hastings"), including three associates, one senior associate, and a partner, spent 684.1 hours defending AT&T in this case from September 28, 2015 to March 1, 2016, and that these attorneys generally bill their time at hourly rates ranging from $375.00 to $1,030.00. The evidence further shows that two attorneys from the law firm of Carter Scholer Arnett Hamada & Mockler ("Carter Scholer") spent 35.7 hours representing AT&T as local counsel over the same period, at hourly rates ranging from $500.00 to $600.00. The law firms negotiated a confidential rate with AT&T for their work on this case, and further exercised a certain degree of billing judgment with respect to the fee request presented to the Court. Accordingly, Paul Hastings and Carter Scholer seek to recover $395,050.30 in attorneys' fees, plus $13,917.10 in costs.

The evidence submitted in support of AT&T's fee request demonstrates that the hourly rates charged by Paul Hastings and Carter Scholer are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The Court therefore

---

experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19.

determines that the hourly rates charged by Paul Hastings and Carter Scholer are reasonable.[2]

Indeed, Plaintiff does not challenge the rates charged by AT&T's attorneys.  Plaintiff objects,

however, to the number of hours AT&T's counsel expended on this litigation.

Plaintiff argues that the law firms "block-billed," heavily redacted their invoices, and

included vague and unintelligible time entries in their billing statements.[3]  Plaintiff contends

that AT&T's fee request should be reduced for these abusive billing practices. The Court

disagrees. The allegedly objectionable time entries are not block billed, or so vague or

unintelligible as to prevent meaningful review. *See Thermotek, Inc. v. Orthoflex, Inc.*, 2016

WL 6330429, at *10 (N.D. Tex. Oct. 27, 2016) (Stickney, M.J.). Rather, the entries are

sufficient for the Court to determine that each attorney billed a reasonable amount of time, on

an individual basis, for the tasks recorded. However, the Court determines that AT&T is not

entitled to recover $20,900.61 in fees for attorney time for work done on patent validity

issues after the October 29, 2015 Stay Order was entered. *See* Pl. App., Exh. #16.

Multiplying the reasonable number of hours expended by each attorney on the litigation by

the reasonable hourly rate charged by the law firms representing AT&T results in a lodestar

of $374,149.69.

Considering all of the *Johnson* factors – especially (1) the time and labor required, (2)

the novelty and difficulty of the legal issues, and (3) the skill required to perform the legal

service properly – the Court finds that the lodestar should be adjusted downward because of

---

[2]    The Court determines, based on the evidence submitted and its own experience and familiarity with attorney billing rates for complex litigation in this district, that the attorneys' standard published rates, as well as the confidential, negotiated rates AT&T actually paid, are reasonable.

[3]  "Block billing" refers to a time-keeping method by which an attorney records the total daily time spent working on a case, rather than itemizing the time expended on specific tasks, which prevents a court from accurately determining the time spent on any particular task. *See Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb.11, 2011) (Fitzwater, C.J.).

the duplication of effort among the attorneys representing AT&T. Although the Court finds

that Paul Hastings and Carter Scholer represented AT&T with a high degree of skill and

professionalism, and that their efforts yielded a favorable result for AT&T, the Court is

required to scrutinize the billing records for the possibility of duplication of effort because

more than one attorney was involved. *See Johnson*, 488 F.2d at 717. The Fifth Circuit

encourages district courts to discount "[t]he time of two or three lawyers in a courtroom or

conference when one would do." *See id.*  In this case, the Court observed that several

attorneys prepared for and attended conferences and hearings on behalf of AT&T, when a

smaller number would have been sufficient. The records further show that several attorneys

did work researching and briefing the same issues, and that these efforts overlapped the work

performed by Microsoft's counsel on the same issues. To adjust for this duplicative time, the

Court reduces the lodestar by twenty percent, or $74,829.94.

The Court further finds that AT&T is not entitled to recover the following costs,

which are identified in Plaintiff's objections:

| | |
|---|---:|
| Costs related to prior art and invalidity investigations after the October 29, 2015 Stay Order was entered (Pl. App., Exh. #22) | $373.00 |
| Costs incurred by unidentified timekeeper for unspecified "articles and publications" (Pl. App., Exh. #30) | $837.77 |
| Travel costs that the Court finds unnecessary or as exceeding usual and customary amounts (Pl. App., Exh. #23) | $4,642.87 |
| Expert Witness Fees not available under 35 U.S.C. § 285 (Pl. App., Exh. #29) | $7,087.50 |
| Total cost reduction | $12,941.14 |

In all other respects, Plaintiff's objections to AT&T's request for reasonable attorneys' fees and non-taxable costs are denied. The Court therefore determines that AT&T is entitled to recover $299,319.75 in reasonable attorneys' fees, plus $975.96 in costs.

Turning to Microsoft's fee request, the billing records and other evidence show that five attorneys from the law firm of Sidley Austin LLP ("Sidley"), including three partners and two associates, spent 292 hours defending this case from September 28, 2015 to March 1, 2016, and that these attorneys generally bill their time at hourly rates ranging from $525.00 to $1,100.00. Sidley negotiated a confidential rate with Microsoft and exercised some billing judgment with respect to its invoices. Accordingly, Microsoft seeks to recover $176,166.40 in reasonable attorneys' fees, plus $2,073.68 in costs.

The Court first determines that Sidley's hourly rates are reasonable, because they are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Again, Plaintiff does not challenge the rates charged by any Sidley attorney. The Court also determines that, contrary to Plaintiff's objection, Microsoft's time records are not block billed, or so vague or unintelligible as to prevent meaningful review, and that each attorney, individually, billed a reasonable number of hours for the work described. However, the Court determines that Microsoft is not entitled to recover the following fees, which are identified in Plaintiff's objections:

| | |
|---|---:|
| Attorney time for work done on patent validity issues after the October 29, 2015 Stay Order was entered (Pl. App., Exh. #18) | $1,246.60 |
| Attorney time for client calls, which Microsoft represents it is not seeking to recover (Pl. App., Exh. #25) | $285.60 |
| Attorney time for ministerial and clerical tasks (Pl. App., Exh. #21) | $2,030.10 |

6

| Total Reduction | $3,562.30 |
|---|---|

Multiplying the reasonable number of hours expended by each attorney on the litigation by the reasonable hourly rate charged by Sidley results in a lodestar of $172.604.10.

Considering all of the *Johnson* factors, the Court finds that the lodestar should be adjusted downward. Like the attorneys representing AT&T, the Sidley attorneys represented Microsoft with a high degree of skill and professionalism, and their work resulted in a favorable outcome for Microsoft.  However, Microsoft's attorneys duplicated the work required to defend this case. *See Johnson*, 488 F.2d at 717. Several Sidley attorneys billed time for preparing for and attending hearings and conferences, when a smaller number would also have achieved effective representation. Additionally, several attorneys researched and briefed the same issues, and that work overlapped the work performed by AT&T's counsel. To adjust for the duplicative time, the Court reduces the lodestar by twenty percent, or $34,520.82. In all other respects, Plaintiff's objections to Microsoft's request for reasonable attorneys' fees and non-taxable costs are denied. The Court therefore determines that Microsoft is entitled to recover $141,645.58 in reasonable attorneys' fees, plus $2,073.68 in costs.

Accordingly, the Court ORDERS Plaintiff to pay AT&T $300,295.71 on or before December 30, 2016. The Court further ORDERS Plaintiff to pay Microsoft $143,719.26 on or before December 30, 2016.

**SO ORDERED.**

December 13, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

7